## GENERAL COURT, MAY TERM, 1803.

### BULL's Lessee *vs.* SHEREDINE.

Where a she-
riff's return on a
*fieri facias,* and
his conveyance of
the land sold un-
der it, are appa-
rently regular, the
title cannot be di-
vested out of the
purchaser except
by proof of fraud
or collusion be-
tween him and the
sheriff.

EJECTMENT for a tract of land called *Preston's Choice,* lying in Harford county. The general issue pleaded.

The plaintiff, at the trial, deduced a regular title from the grantee of the land for which the suit was brought, down to *Bernard Preston,* who on the 25th of September 1789, conveyed it to *Benjamin Preston.* That before this conveyance, a judgment was obtained in Harford county court, at November term 1787, by *Preston* and *Johnson,* against the said *Bernard Preston;* upon which judgment a *scire facias* issued against *Benjamin Preston* as terre-tenant of *Bernard Preston,* and *fiat* obtained thereon at March term 1799.

That a *fieri facias* issued on the last mentioned judgment on the 4th of April 1799, returnable to the third Monday of August 1799; at which time the sheriff of the county made a return of the *fieri facias*, thereon endorsed, that the property mentioned in the schedule attached to the writ, (which was the land in dispute in this case,) had been sold under the said writ to the lessor of the plaintiff on the 25th of April 1799. On the 26th of November 1799, the sheriff, in pursuance of the writ, sale and return, conveyed the said land to the lessor of the plaintiff.

Several depositions of witnesses were read by consent to prove, among other things, that the said purchaser did not comply with the terms of the sheriff's sale of the said land, by paying the purchase money, and that indulgence had been granted to him by the deputy sheriff who made the sale, and by the plaintiffs in the judgment on which the *fieri facias* issued.

*Johnson*, for the Plaintiff, prayed the court to instruct the jury,

1. That if the jury should be of opinion that there was a sale made by the deputy sheriff in April 1799, to the lessor of the plaintiff, of the land mentioned in the declaration, and that it was a fair sale; and that if the deputy sheriff agreed to indulge the purchaser, then the sale so made is valid in law, and the right acquired thereby is not to be affected by any after transaction; and

2. That if the jury should be of opinion that there was a sale made in April 1799 by the deputy sheriff to the lessor of the plaintiff, of the land mentioned in the declaration, and that the sale so made was a fair sale; and that if the plaintiffs in the judgment and *fieri facias* under which the sale was made, or either of them, agreed to indulge the purchaser for a noncompliance with the terms of the sale, then the sale so made is valid in law.

*Hollingsworth* and *Key*, for the Defendant. A sale made under a *fieri facias* passes the fee under the statute without the formality of a deed from the sheriff,

if the purchase money is paid; but there can be no sale or purchase unless the money is paid at the time, for the contract is not completed, and it must be *uno flatu*. If the sheriff does not pursue his duty strictly, agreeably to the command of the writ, there can be no legal sale, and of course the right of no one could be affected by it. The plaintiffs in the execution could not indulge, for they were to receive only a certain portion of the purchase money, and the residue was to go to the defendant.

*Johnson*, in reply. It is admitted that the plaintiffs in the execution could not indulge further than to the amount of their claim; but to that amount they certainly could; and the evidence is, that they agreed to indulge, if the sheriff would execute a deed. If there is no indulgence by a sheriff at a sale, or the money is not paid, and the sheriff considers the sale invalid, he returns the writ, stating that the property remained *unsold*, &c. 1 *Dall. Rep.* 419. If the money is produced at the return day of the writ, its command is complied with. If the sheriff indulges the purchaser, he is responsible to the plaintiff, and may be compelled to bring the money into court. The money, in contemplation of law, is in the hands of the sheriff.

CHASE, Ch. J. The court are of opinion, that the lessor of the plaintiff in this case acquired a legal title to the land in question by the sale under the *fieri facias*, the return made by the sheriff, and the deed made by the sheriff to the lessor of the plaintiff, pursuant to the return made on the *fieri facias*, which title cannot be impeached or defeated, but by proof of fraud or collusion between the sheriff and the purchaser, the lessor of the plaintiff in this suit.

VERDICT FOR THE DEFENDANT.